**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No.: 16-24720 |
| | ) | |
| CARHART, INC., | ) | Chapter 7 |
| | ) | |
|       Debtor(s). | ) | Honorable Pamela S Hollis |
| | ) | (Joliet) |
| | ) | |

**NOTICE OF MOTION**

To:    See attached Service List

     PLEASE TAKE NOTICE that on **August 17, 2018 at 10:00 a.m.**, or as soon thereafter as counsel may be heard, I shall appear before the Honorable Pamela S. Hollis, Joliet City Hall, Second Floor, 150 West Jefferson Street, Joliet, Illinois, or whomever may be sitting in his place and stead, and then and there present the TRUSTEE'S APPLICATION TO EMPLOY COUNSEL, a copy of which is attached hereto and hereby served upon you.

                                              */s/ Joji Takada*
                                              Bankruptcy Trustee

**PROOF OF SERVICE**

     I, the undersigned attorney, certify that I served a copy of this NOTICE OF MOTION and attached TRUSTEE'S APPLICATION TO EMPLOY COUNSEL upon the person(s) listed above by mailing the same by First Class U.S. Mail at Chicago, Illinois on the date set forth below, unless a copy was served electronically which occurs automatically upon the filing of the aforesaid documents with the Clerk of the Bankruptcy Court through the CM/ECF system.

Date: August 8, 2018                          */s/ Joji Takada*
                                                Bankruptcy Trustee

Prepared by:

Joji Takada
TAKADA LAW OFFICE, LLC
6336 North Cicero Avenue, Suite 201
Chicago, Illinois 60646
Tel: 773-790-4888

{00009961 / 2013 / 009 /}

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No.: 16-24720 |
| | ) | |
| CARHART, INC., | ) | Chapter 7 |
| | ) | |
| Debtor(s). | ) | Honorable Pamela S Hollis |
| | ) | (Joliet) |
| | ) | |

**TRUSTEE'S APPLICATION TO EMPLOY COUNSEL**

Joji Takada ("Trustee"), not individually but as Chapter 7 Trustee of the bankruptcy estate of Carhart, Inc. ("Debtor"), pursuant to Section 327(a) of Title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure, respectfully requests the entry of an order authorizing Trustee to employ Zane Zielinski ("Zielinski Law") as Trustee's bankruptcy counsel. In support of this Application, Trustee states as follows:

**BACKGROUND**

1. The Court has jurisdiction over this Application pursuant to 28 U.S.C. §§157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§1408 and 1409. Consideration of the Application is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A).

2. On August 1, 2016 (the "Petition Date"), Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division.

3. Joji Takada is the duly appointed and qualified Chapter 7 Trustee.

4. Trustee requires bankruptcy counsel to examine and resolve potential issues relating to turnover of property of the estate, including Debtor's interest in jointly-owned

{00009961 / 2013 / 009 /}

business entities and any distributions related thereto, in addition to evaluating lien claimants, general claims, and assisting in the administration of the case.

## RELIEF REQUESTED

5. Pursuant to 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014(a), Trustee requests the entry of an order authorizing Trustee to employ and retain Zielinski Law as Trustee's bankruptcy counsel.

## BASIS FOR RELIEF REQUESTED

6. Trustee requires the assistance of bankruptcy counsel in order to efficiently administer Debtor's estate and to resolve legal issues relating to Debtor's bankruptcy case. Trustee seeks to retain Zielinski Law because of the firm's extensive experience and knowledge regarding cases under Chapter 7 of the Bankruptcy Code.

7. The professional services that Zielinski Law will render on behalf of Trustee will include:

   a. examine and resolve potential issues relating to turnover of property of the estate, including Debtor's interest in certain jointly-owned entities the ownership of which may entitle the estate to certain distributions, in addition to evaluating lien claimants, general claims, and assisting in the administration of the case; and

   b. Performing all other legal services as required.

8. At this time, it is not possible to estimate the amount of time that Zielinski Law will be required to work on behalf of Trustee and, accordingly, it is not possible to estimate the total cost of Zielinski Law's services in this case. Zielinski Law will calculate its fees for services by reference to its standard hourly rates for these services (such rates are subject to

{00009961 / 2013 / 009 /}

normal adjustments from time to time due to inflation and other factors).

9. Zielinski Law did not receive a retainer, and will file one or more fee applications, at the appropriate time, seeking payment of the fees and expenses incurred by Zielinski Law.

10. Other than as set forth in the Affidavit of Zane Zielinski, attached hereto and incorporated into this Application as Exhibit A, to the best of Mr. Zielinski's knowledge, neither Mr. Zielinski nor any of the principals or employees of Zielinski Law represent or hold any interest adverse to Trustee or Debtor's estate or otherwise have any connection with Debtor, Debtor's creditors, or any other party in interest in this bankruptcy case or their respective attorneys and accountants.

11. In addition, neither Mr. Zielinski nor any of the principals or employees of Zielinski Law have any connection with the United States Trustee or any person employed in the office of the United States Trustee, except that Mr. Zielinski serves as a trustee on the panel of Chapter 7 trustees for Cook County, Illinois, and except that Zielinski Law in the past has represented, currently represents and in the future intends to represent, Trustee, Peter Metrou, Miriam R. Stein, Thomas B. Sullivan, and Zane L. Zielinski, not individually, but as, not individually, but as trustees for various bankruptcy estates unrelated to Debtor.

WHEREFORE, Trustee respectfully requests that the Court enter an Order:

A. Authorizing Trustee to employ Zane Zielinski and the attorneys and paraprofessionals of the Law Office of William J. Factor, Ltd. as Trustee's bankruptcy counsel in this case; and

B. Granting such other and further relief as this Court deems just and fair.

Dated: August 8, 2018                    /s/ Joji Takada
                                          Bankruptcy Trustee

{00009961 / 2013 / 009 /}

Prepared by:

Joji Takada
TAKADA LAW OFFICE, LLC
6336 North Cicero Avenue, Suite 201
Chicago, Illinois 60646
Tel: 773-790-4888

## SERVICE LIST

**Electronic Mail Notice List**
    ☐ John S Biallas    jsb70@comcast.net
    ☐ Patrick S Layng    USTPRegion11.ES.ECF@usdoj.gov

**First Class Mail Notice List**

Carhart, Inc.
3512 White Eagle Drive
Naperville, IL 60564

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In re: | Chapter 7 |
| CARHART, INC., | Bankruptcy 16-24720 |
| Debtors. | |
| | Honorable Pamela S Hollis |

### DECLARATION OF ZANE L. ZIELINSKI IN
### SUPPORT OF TRUSTEE'S MOTION
### TO EMPLOY COUNSEL

I, *Zane L. Zielinski*, hereby state under penalty of perjury, as follows:

1. I am an attorney duly licensed and authorized to practice law, and I am a member in good standing of the Bar of the State of Illinois and the United States District Court for the Northern District of Illinois.

2. My ARDC No. is 6278776. I submit this declaration in support of the entry of an order authorizing the retention of myself and The Law Office of Zane L. Zielinski (collectively, the "*Firm*") as counsel for *Joji Takada*, not individually but solely as duly appointed chapter 7 trustee (the "*Trustee*") of the bankruptcy estate (the "*Estate*") of CARHART, INC (the "*Debtor*") in the above captioned Chapter 7 case (the "*Case*") pursuant to 11 U.S.C. §§ 327(a), 328(a), and 329 and to comply with 11 U.S.C. § 504 of the Bankruptcy Code and Bankruptcy Rules 2014 and 2016.

3. I have experience and knowledge in the fields of corporate reorganization and bankruptcy law and believe that the Firm is well qualified to serve as counsel for the Trustee.

EXHIBIT A

4. Pursuant to Fed.R.Bankr.P. 2014(a), in connection with representing the Trustee, I have reviewed the list of the Debtor's creditors. Based upon that review, to the best of my knowledge, information and belief, the Firm does not represent any party in interest in the Case.

5. The Firm currently represents and in the future intends to represent, Joji Takada, not individually, but as trustee for various bankruptcy estates unrelated to the Debtor. Further, the Firm currently subleases office space at market rate from Takada Law Offices, LLC.

6. Pursuant to 11 U.S.C. § 327(a), neither I nor the Firm are creditors of the estate in the above-captioned bankruptcy case and I do not represent or hold any interests that are adverse to the estate.

7. To the best of my knowledge, the Firm does not have any connections with the United States Trustee, or any person employed in the office of the United States Trustee, nor is any person connected with the Firm a relative of the Bankruptcy Judge assigned to the Case. Except that I serve as a panel 7 trustee for the Northern District of Illinois.

8. The Firm has not entered into any arrangement to share any compensation that may be awarded by the Court, except as permitted under section 504(b) of the Bankruptcy Code.

9. The Firm's compensation shall be on an hourly basis based on the following rates and subject to approval by this court:

| Professional | Title | Hourly Rate |
|---|---|---|
| Zane L. Zielinski | Partner | $350 |
| Daniel Nickel | Of Counsel | $350 |
| Giovanni Raimondi | Of Counsel | $300 |
| Law Clerk/Paralegal | Law Clerk/Paralegal | $100-$120 |

10.  Based on the foregoing, I believe I and the employees of the Firm are disinterested persons within the meaning of §101(14) of the Bankruptcy Code.

11.  I will seasonally amend this Declaration to the extent that I become aware of relationships for which disclosure is appropriate.

Dated: August 6, 2018                              /s *Zane L. Zielinski*
                                                   Zane L. Zielinski